UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEFFREY A. SNOWDEN, II,

        Plaintiff,                         Case No. 1:20-cv-1158

v.                                        Honorable Paul L. Maloney

HON. MICHAEL L. SCHIPPER et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently detained at the Barry County Jail. Plaintiff sues the Honorable Michael L. Schipper, Barry County Prosecutor Julie A. Nakfoor-Pratt, Barry County Assistant Prosecutor Christopher J. Elsworth, Psychologist Ann Zaborney, and Kristen Irene Navarre.

Plaintiff alleges that Defendant Schipper has refused to grant Plaintiff a pretrial release.  Plaintiff reports that he is being held without bond and that he has been so held since September 10, 2020.  He claims that there is presently no trial date because the state found him incompetent to stand trial.

Plaintiff alleges that Defendant Elsworth, in the process of prosecuting Plaintiff for an unidentified crime, perhaps abuse of Plaintiff's son, called for the cancellation of Plaintiff's bond by falsely claiming that Plaintiff would "put his ex-wife and children in body bags." (Compl., ECF No. 1, PageID.5.)

Plaintiff alleges that Defendant Nakfoor-Pratt is responsible for Defendant Elsworth's misconduct because he is her subordinate.

Plaintiff alleges that Defendant Navarre is the mother of Plaintiff's ex-wife.  Plaintiff notes that Navarre has a position of power, as well as contacts, in the Department of Health and Human Services.  Plaintiff acknowledges that Navarre's actions with respect to Plaintiff have been the actions of a "private person," but that she conspired with Dr. Ann Zaborney—who is a "state official" with the Department of Health and Human Services.  (*Id.*)  Plaintiff believes that Navarre made the initial complaint that resulted in his arrest and influenced the determination that Plaintiff was incompetent.  Plaintiff contends that Defendant Navarre took these actions to cover up the fact that her housemate was the person who abused Plaintiff's son, not Plaintiff.

Plaintiff sues Defendants Schipper, Nakfoor-Pratt, Elsworth, and Zaborney in their official capacities.  He sues Defendant Navarre in her official and personal capacity.  Plaintiff asks the Court to intervene, presumably in the state court prosecution, and investigate Plaintiff's claims.

Plaintiff notes that if the Court finds in his favor, he would then "wish to seek punitive, nominal and compensatory damages." (*Id.*, PageID.4.)

**II.     *Younger* abstention**

Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff alleges that the misconduct of the Defendants relates to a criminal prosecution that appears to be ongoing. Second, Plaintiff's prosecution involves important state interests. *See*

3

*Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges. Certainly Plaintiff will not hesitate to raise his claims that the allegations are simply false and that Defendants are prosecuting him for inappropriate reasons. Indeed, "'[a]bstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.'" *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal prosecution.

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. He does not allege a flagrantly unconstitutional statute or an extraordinarily pressing need for federal relief. Plaintiff's allegations might be read to support a claim that Defendants have acted in bad faith or intend to harass Plaintiff. But, the Sixth Circuit has interpreted the "bad faith/harassment" exception very narrowly:

> As we have explained, the Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806–08 (3d ed. 1999) ); *see also, e.g., McNatt v. Texas*, 37 F.3d 629 (5th Cir. 1994) (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions"). In this case, the alleged harassment and other "willful, egregious, [and] malicious" conduct does not rise to the level required by the exception because there have not been repeated prosecutions of Lloyd.

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). Any claim that Plaintiff's prosecution is motivated by bad faith or harassment falls short because the Defendnats did not fail to follow through on repeated prosecutions, if any.

Because none of the exceptions to *Younger* abstention apply, the doctrine supports abstention here. *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property). Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review the actions of the Defendants in connection with the allegedly false charges or the allegedly false statements that prompted the cancellation of his bond.

*Younger* abstention warrants dismissal of a claim without prejudice. However, where the only relief sought by the plaintiff is damages, the Court "must stay the case instead of exercising its discretion to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention").

Plaintiff asks the Court to intervene and investigate. If the Court enters judgment in Plaintiff's favor, he indicates he would then seek damages. Because Plaintiff does not presently seek damages, dismissal is appropriate.

5

### III.    Other issues

It is important to note that Plaintiff's complaint appears to suffer from many other shortcomings.  The Defendants he has chosen to sue and capacities in which he has chosen to sue them implicate sovereign, judicial, and prosecutorial immunity.  Moreover, Plaintiff has not alleged any wrongdoing on the part of Defendant Zaborney; his allegations against Defendant Nakfoor-Pratt are premised on *respondeat superior*, a theory that is not available under § 1983; his conspiracy allegations are utterly conclusory; and, although Defendant Navarre appears to be a state official, Plaintiff apparently acknowledges that she was not a "state actor" with respect to her actions supporting Plaintiff's prosecution.  These issues may be appropriately addressed should Plaintiff prevail in defending against the criminal charges.

If Plaintiff does not prevail, Plaintiff will face the additional bar of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87 (footnote omitted).

Because of *Younger* abstention, however, these are all matters for another day.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice under the absention doctrine set forth in *Younger*.  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*,

6

114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.


Dated:   April 21, 2021                      /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge